Chan v. Holder

BIA
A073 544 429

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1ˢᵗ day of August, two thousand thirteen.

PRESENT:
> RICHARD C. WESLEY,
> DENNY CHIN,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

FEI CHAN, AKA HUI CHEN,

> *Petitioner,*

> v.                                    12-141
>                                       NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,

> *Respondent.*

_____

FOR PETITIONER:          Eric Y. Zheng, New York, New York.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant Attorney General; Terri J. Scadron,

**Assistant Director; Kathryn L. Deangelis, Acting Senior Litigation Counsel; Siu P. Wong, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Fei Chan, a native and citizen of the People's Republic of China, seeks review of a December 20, 2011, decision of the BIA denying his motion to reopen. *In re Fei Chan*, No. A073 544 429 (B.I.A. Dec. 20, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008). An

alien may file a motion to reopen within 90 days of the agency's final administrative decision. 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(2). Although Chan's motion was indisputably untimely because it was filed more than nine years after the agency's final order of removal, *see* 8 U.S.C. § 1229a(c)(7)(C)(i), there are no time limitations for filing a motion to reopen if it is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding," 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

The BIA did not err in finding that Chan's conversion to Christianity constituted a change in his personal circumstances, rather than a change in country conditions sufficient to excuse the untimely filing of his motion to reopen. *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130-31 (2d Cir. 2005); *see also Yuen Jin v. Mukasey*, 538 F.3d 143, 155 (2d Cir. 2008). Nor did the BIA err in finding that the country conditions evidence Chan submitted failed to demonstrate a material change in country

3

conditions excusing the untimely filing of his motion because that evidence demonstrated that the Chinese government had continually targeted unregistered Christian groups since the time of Chan's last hearing and did not indicate that conditions had worsened for individuals similarly situated to Chan.  *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also Jian Hui Shao*, 546 F.3d at 169.  Accordingly, the BIA did not abuse its discretion in denying Chan's motion to reopen as untimely.  *See* 8 U.S.C. § 1229a(c)(7)(C).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk